1  SRI K. SANKARAN (CA SBN 236584)
2  ssankaran@winthrop.com;
   WINTHROP & WEINSTINE, P.A.
3  225 South Sixth Street, Suite 3500
   Minneapolis, MN  55402-4629
4  Telephone:   (612) 604-6400
   Facsimile:    (612) 604-6800
5

6  Attorneys for Plaintiff KNOCK, inc.
7
                **UNITED STATES DISTRICT COURT**
8               **CENTRAL DISTRICT OF CALIFORNIA**
9

KNOCK, inc., a Minnesota corporation,        Case No. _16-119_____
10
                Plaintiff,
11
   vs.                                        **KNOCK, inc.'s  COMPLAINT**
12
13  THREE KNOCKS DESIGN, a California
    entity,
14
                Defendant.
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Winthrop & Weinstine, P.A.*
*225 South Sixth Street, Suite 3500*
*Minneapolis, MN 55402-4629*

Plaintiff  KNOCK, inc. ("KNOCK"), by and through its attorneys hereby alleges as follows:

## PRELIMINARY STATEMENT

1.      KNOCK, as any trademark owner, must protect its valuable prior rights in the KNOCK mark.

2.      KNOCK has been offering and providing advertising, marketing, branding, package design, product design services, product development services, Web site design services and related services since 2001.

3.      KNOCK seeks damages, attorney's fees and costs, and injunctive relief to prevent Defendant THREE KNOCKS DESIGN ("Defendant THREE KNOCKS") from further provision of advertising services, web site design services, package design services, and logo design services, thereby preventing further confusion in the marketplace and other damage to KNOCK.

## THE PARTIES

1.      KNOCK is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

2.      Upon information and belief, Defendant THREE KNOCKS is a California entity with its principal place of business in Burbank, California.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the Complaint pursuant to 28 U.S.C. §§ 1331 and 1338.  KNOCK has asserted claims under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and under 28 U.S.C. § 1367 and 28 U.S.C. § 1338(b) for the related state-law claims.

4.      This Court has personal jurisdiction over Defendant THREE KNOCKS pursuant to Fed. R. Civ. P. 4(k)(1)(A) because THREE KNOCKS is a California entity with a principal place of business in the District.

5.      There is a substantial, immediate, and real controversy between the parties as to their legal interests, and specifically, whether Defendant THREE

Winthrop & Weinstine, P.A.
225 South Street, Suite 3500
Minneapolis, MN 55402-4629

1

1  KNOCKS has infringed the trademark rights of KNOCK and unfairly competed

2  with KNOCK.

3        6.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c)

4  because Defendant THREE KNOCKS resides in this district and a substantial part

5  of the events or omissions giving rise to the claim occurred in this judicial district.

6

7    **<u>FACTUAL BACKGROUND</u>**

8        1.      KNOCK is the exclusive owner of the KNOCK® brand and mark,

9  including all registered and common law rights, for its full-service creative firm

10  offering advertising agency services;  marketing services; product design services;

11  packaging design; product development services; branding services; promotional

12  services; cooperative advertising and marketing; conducting marketing studies;

13  direct marketing and advertising for others; graphic art design; computer services,

14  namely, designing web sites for others; computer software design for others;

15  computer software development in the field of mobile applications; multimedia

16  design services; providing business marketing information; development of

17  advertising campaigns for television, radio, print, Internet, and in-store marketing;

18  promotional sponsorship of professional development organizations, among others

19  (collectively, "KNOCK Services and Goods").

20        2.      KNOCK began using the KNOCK® mark with the all caps, block

21  letters in connection with its KNOCK Services and Goods in December 2001.

22        3.      KNOCK has spent considerable time and expense on advertising and

23  promoting its KNOCK® brand.  Accordingly, the consuming public knows

24  KNOCK as the source of goods and services bearing the KNOCK® mark.

25        4.      KNOCK has national and international clients.

26        5.      The Web sites, packaging and products designed by KNOCK have

27  been the subject of publicity and have achieved notoriety.

28

Winthrop & Weinstine, P.A.
225 South Street, Suite 3500
Minneapolis, MN 55402-4629

Winthrop & Weinstine, P.A.
225 South Street, Suite 3500
Minneapolis, MN 55402-4629

6.    KNOCK's advertising, marketing, branding, product development services, Web site design services have also been the subject of publicity and have achieved notoriety.

7.    KNOCK has won awards for its services, including, but not limited to:

a.    KNOCK, inc. Rebrand, Silver Award for Design Annual 2016;

b.    The 2015 Telly Award;

c.    2015 WebAward for Outstanding Achievement in Web Development for "Playwright's Center";

d.    2015 Internet Advertising Competition Award for Outstanding Achievement in Internet Advertising;

e.    Altpick Awards #5 Winner: Second Place Jury Vote;

f.    2014 WebAward for Outstanding Achievement in Web Development for "Mason Send It On;" and

g.    Web Marketing Association in 2012 for "Outstanding Achievement in Web Development.

8.    KNOCK first provided services including, advertising, packaging design services, product design services, web design services and media kits in 2001.

9.    On December 14, 2001, KNOCK provided an estimate to a national retailer for Holiday Packaging Design for the following year.

10.    For example, KNOCK provides product design services, media kits and designed a Web site for FLY KLIP 2001 and 2002.

11.    For example, KNOCK designed a Web site for FAL in 2002.

12.    FAL makes popular T-shirts that were even featured as one of Oprah's Favorite Things.

Winthrop & Weinstine, P.A.
225 South Street, Suite 3500
Minneapolis, MN 55402-4629

13. In 2001, KNOCK began using the KNOCK® mark with the wood grain background.

14. For example, a true and correct copy of a business card with KNOCK and the wood grain design from 2002 is attached hereto as **Exhibit A.**

15. In May 2002, KNOCK conducted a presentation for a national retailer with the "KNOCK's Process" documentation that stated that KNOCK provided services including print, package and illustration.

16. KNOCK assisted Target with its partnership with Parabal Gurung (an award winning fashion designer loved by Michelle Obama and Kate Middleton) by helping feature this exclusive collection with packaging and an in store experience that complemented the advertising campaign and built awareness by completing the story at the shelf.

17. KNOCK assisted Target during the holiday season to transform the store experience into a celebration and won an award at Ad Fed: The Show.

18. KNOCK also assisted clothing designers Perry Ellis and Levi's with brand strategy and brand identify.

19. In 2013, KNOCK designed Winter Wonderlove sleeves for Caribou Coffee the second largest specialty coffee and espresso retailer in the United States with locations in over forty (40) states in the United States and nine (9) other countries.

20. In 2014, KNOCK created Grand Opening Campaign, providing advertising and design services for Von Maur.

21. In 2014, KNOCK created Schmidt Artists Lofts Web site, providing advertising and design services.

22. In 2015, KNOCK designed the Caribou Perks Digital Campaign, including, providing advertising and design services.

23. In 2015, KNOCK created A-Mill Web site, providing advertising and design services.

24.     In 2015, KNOCK created Andrew and Andrew Brand Campaign, providing advertising and design services for Luxottica.

25.     In 2015, KNOCK created Retail Experience, providing advertising and design services for BlueCross BlueShield.

26.     KNOCK had a prior registration covering a variety of advertising, marketing and design services in International Classes 35 and 42 for KNOCK PRODUCTIONS (with PRODUCTIONS disclaimed), namely, U.S. Reg. No. 2,741,817, with a first use date of December 1, 2001, and a filing date and nationwide constructive use date of February 14, 2002.  Accordingly, THREE KNOCKS had actual or constructive notice of KNOCK's prior rights in KNOCK since at least as early as July 29, 2003, the registration date of KNOCK PRODUCTIONS.

27.     Significantly, the specimen of use supporting KNOCK's registration for KNOCK PRODUCTIONS prominently displays KNOCK in all caps and block letters.  It also documents an early record of several advertising, marketing, and design service offerings:  Print, Package, Interactive, and Illustration.

28.     KNOCK secured  a registration for KNOCK® in connection with a variety of advertising, marketing, and design services  namely, U.S. Reg. No. 3,023,295, with a first use date of December 1, 2001, and a filing date and nationwide constructive use date of June 23, 2004.  Accordingly, THREE KNOCKS had actual or constructive notice of KNOCK's prior rights in KNOCK® since at least as early as December 6, 2005, the registration date of KNOCK.

29.     Upon information and belief, both the actual and constructive use dates predate THREE KNOCKS' first use for the "THREE KNOCKS DESIGN" mark.

30.     In her LINKED IN profile, the owner of "THREE KNOCKS DESIGN," Kristen Gara, states that the company started in January 2006 as set forth therein.  Attached hereto is a true and correct copy of this profile as **Exhibit B.**

Winthrop & Weinstine, P.A.
225 South Street, Suite 3500
Minneapolis, MN 55402-4629

31.     Although KNOCK's earlier Registration was not renewed and it eventually was cancelled on March 7, 2010, that was long after KNOCK secured U.S. Reg. No. 3,023,295 for KNOCK in connection with the very same advertising, marketing, and design services as discussed below.  Accordingly, KNOCK is not only the senior user, but it also was the first to seek federal registration.

32.     KNOCK is the owner of the following U.S. Registration Nos. for the mark KNOCK®:

a.      U.S. Reg. No. 3,023,295 for the trademark KNOCK® (in standard character) for use in connection with "Advertising agency services; marketing services, namely business marketing consulting services, cooperative advertising and marketing, conducting marketing studies, direct marketing and advertising for others, and providing business marketing information" in International Class 35 and "Graphic art design; computer services, namely, designing web sites for others" in International Class 42;

b.      U.S. Reg. No. 4,420,880 for the trademark KNOCK® (Wood grain background) for use in connection with "Graphic art design; computer services, namely, designing web sites for others; computer software design for others; computer software development in the field of mobile applications; graphic and multimedia design services; packaging design" in International Class 42;

c.      U.S. Reg. No. 4,420,879 for the trademark KNOCK® (Wood grain background) for use in connection with "Advertising agency services; marketing services, namely, business marketing consulting services, cooperative advertising and marketing, conducting marketing studies, direct marketing and advertising for others, and providing business marketing information; advertising services, namely, creating corporate and brand identity for others; branding services, namely, consulting, development, management and marketing of brands for businesses; providing advertising, marketing and promotional services, namely, development of advertising campaigns for television, radio, print, Internet, and in-store marketing" in International Class 35;

d.      U.S. Reg. No. 4,420,855 for the trademark KNOCK® (in stylized format) for use in connection with "Graphic art design; computer

Winthrop & Weinstine, P.A.
225 South Street, Suite 3500
Minneapolis, MN 55402-4629

services, namely, designing web sites for others; computer software design for others; computer software development in the field of mobile applications; graphic and multimedia design services; packaging design" in International Class 42;

e.      U.S. Reg. No. 4,420,854 for the trademark KNOCK® (in stylized format) for use in connection with "advertising agency services; marketing services, namely, business marketing consulting services, cooperative advertising and marketing, conducting marketing studies, direct marketing and advertising for others, and providing business marketing information; advertising services, namely, creating corporate and brand identity for others; branding services, namely, consulting, development, management and marketing of brands for businesses; providing advertising, marketing and promotional services, namely, development of advertising campaigns for television, radio, print, Internet, and in-store marketing; promotional sponsorship of professional development organizations," in International Class 35;

f.      U.S. Reg. No. 4,420,777 for the trademark KNOCK® for use in connection with "Graphic art design; computer services, namely, designing web sites for others; computer software design for others; computer software development in the field of mobile applications; graphic and multimedia design services; packaging design," in International Class 42; and

g.      U.S. Reg. No. 4,420,776 for the trademark KNOCK® for use in connection with "Advertising agency services; marketing services, namely, business marketing consulting services, cooperative advertising and marketing, conducting marketing studies, direct marketing and advertising for others, and providing business marketing information; advertising services, namely, creating corporate and brand identity for others; branding services, namely, consulting, development, management and marketing of brands for businesses; providing advertising, marketing and promotional services, namely, development of advertising campaigns for television, radio, print, Internet, and in-store marketing; promotional sponsorship of professional development organizations," in International Class 35.

("KNOCK Registrations").  Attached hereto as **Exhibit C** are true and correct copies of the KNOCK Registrations.

Winthrop & Weinstine, P.A.
225 South Street, Suite 3500
Minneapolis, MN 55402-4629

33.     _KNOCK also owns many domain names, including, but not limited to <knockinc.com>, <knockproductions.com> which direct or have directed internet users to a Web site that prominently displays its KNOCK® mark and promotes KNOCK's Services and Goods.  Attached hereto as **Exhibit D** are true and correct copies of excerpts from KNOCK's current Web site.

34.     KNOCK has continuously used the KNOCK mark in connection with its services from December 2001 through the present.

35.     KNOCK's exclusive right to use KNOCK® in connection with advertising agency services and marketing services in International Class 35 and graphic art design and web site design services in International Class 42 is well-settled and incontestable.

36.     Upon information and belief, Defendant THREE KNOCKS was founded after KNOCK began using the mark with the all caps, block letters and wood grain background in 2001.

37.     When THREE KNOCKS was founded, there should have been no surprise to Defendant THREE KNOCKS that KNOCK was already offering advertising services, branding services, Web site design services, and package design services, given the nature of its business as a creative agency driven by strategy, culture, and design.

38.     Defendant THREE KNOCKS advertises its services as:  Advertising, Logo Design, Website Design; Package Design; Illustration; Digital Magazine Design and others.

39.     These services are identical and/or similar to the KNOCK Services and Goods.

40.     Defendant THREE KNOCKS' Web site emphasizes "KNOCKS" by using green circles to draw all eyes to it.



41.     Defendant THREE KNOCKS is using the domain name <threeknocksdesign.com> for its Web site to sell its services and goods.

42.     Upon information and belief, Michael Gara, a relative of the owner of Defendant THREE KNOCKS, is the registrant for the domain name. Attached hereto as **Exhibit E** is a true and correct copy of the Who Is registration for the domain name.

43.     Defendant THREE KNOCKS has no federal registrations for the "THREE KNOCKS DESIGN" mark.

44.     On September 15, 2015, KNOCK sent Defendant THREE KNOCKS a demand letter.  Attached hereto as **Exhibit F** is a true and correct copy of this letter (without attachments as they are the KNOCK Registrations and are duplicative of **Exhibit C**.)

45.     KNOCK contacted counsel for Defendant THREE KNOCKS in good faith to seek to resolve this matter amicably prior to filing the lawsuit.

46.     KNOCK has priority for using the KNOCK® mark in connection with the KNOCK Services and Goods.

### FIRST CAUSE OF ACTION

### (Unfair Competition; False Designation of Origin; 15 U.S.C. § 1125(a))

47.     KNOCK realleges and incorporates by reference the allegations in paragraphs 1 through 46 as though fully set forth herein.

48.     KNOCK owns the KNOCK Registrations, and is identified with, and has established rights to this trademark in connection with the KNOCK Services and Goods.

49.     Defendant THREE KNOCKS use in commerce of the "THREE KNOCKS DESIGN" mark in connection with advertising, logo design, Web site design; package design; illustration; digital magazine is likely to cause confusion, mistake or deception as to the origin, sponsorship, or approval of THREE

Winthrop & Weinstine, P.A.
225 South Street, Suite 3500
Minneapolis, MN 55402-4629

KNOCKS' services and products, or the affiliation, connection, or association of THREE KNOCKS with KNOCK.

50. As the result of such confusion, customers are likely to believe incorrectly that KNOCK authorizes and controls the sale of THREE KNOCKS' services and products or that THREE KNOCKS is associated with or related to KNOCK.

51. This conduct also constitutes "passing off" or "palming off" by expressly or impliedly representing that the services by THREE KNOCKS are those of KNOCK.

52. Defendant THREE KNOCKS' unlawful acts have injured or are likely to injure KNOCK's reputation, business and relations with merchants and customers by causing confusion about and/or dissatisfaction with the services of KNOCK and a loss of sales and market share to THREE KNOCKS.

53. Defendant THREE KNOCKS use of the "THREE KNOCKS DESIGN" mark in connection with advertising, logo design, Web site design; package design; illustration; digital magazine; is a deliberate, intentional and willful attempt to confuse and deceive purchasers, to injure the business of KNOCK, to trade on the business reputation of KNOCK, and to interfere with KNOCK's business relationships.

54. Defendant THREE KNOCKS' conduct constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. Defendant THREE KNOCKS' conduct has greatly and irreparably damaged KNOCK, and/or will continue to so damage KNOCK, unless restrained by this Court.

56. KNOCK is entitled to an injunction under 15 U.S.C. § 1116.

57. Pursuant to 15 U.S.C. § 1117, KNOCK is entitled to recover all of THREE KNOCKS' profits, KNOCK's damages, as well as the costs of this action, in an amount to be determined at trial. The intentional nature of THREE KNOCKS'

Winthrop & Weinstine, P.A.
225 South Street, Suite 3500
Minneapolis, MN 55402-4629

Winthrop & Weinstine, P.A.
225 South Street, Suite 3500
Minneapolis, MN 55402-4629

1  unlawful acts renders this an "exceptional case," entitling KNOCK to enhanced

2  damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

3  **SECOND CAUSE OF ACTION**

4  **(Infringement of Federally Registered Trademark; 15 U.S.C. § 1114)**

5      58.    KNOCK realleges and incorporates by reference the allegations in

6  paragraphs 1 through 57 as though fully set forth herein.

7      59.    KNOCK is, and has been, the owner of the KNOCK® mark and is

8  identified with and has established rights to the KNOCK® mark and the KNOCK

9  Registrations.

10      60.    KNOCK's Registrations for the KNOCK® mark are valid and legally

11  protectable.

12      61.    Defendant THREE KNOCKS' provision of advertising services, logo

13  design services, website design services; package design services; illustration

14  services; digital magazine services under the "THREE KNOCKS DESIGN" mark is

15  related to, similar to and competitive with KNOCK's Services and Goods.

16      62.    KNOCK has expended considerable time, effort, and expense to

17  promote, advertise, and popularize the KNOCK® mark and the KNOCK Services

18  and Goods.  This mark is distinctive and well-known.  Accordingly, the purchasing

19  public has come to know, rely upon, and recognize KNOCK as the source of

20  services and related goods bearing the KNOCK® marks.   KNOCK has established

21  valuable goodwill in the KNOCK® marks.

22      63.    Defendant THREE KNOCKS' provision of advertising services, logo

23  design services, website design services; package design services; illustration

24  services; digital magazine services under the "THREE KNOCKS DESIGN" mark

25  is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or

26  approval of KNOCK's services and goods, or the affiliation, connection, or

27  association of KNOCK with "THREE KNOCKS DESIGN."

28

64. Defendant THREE KNOCKS' use of the "THREE KNOCKS DESIGN" mark in connection with advertising services, logo design services, website design services; package design services; illustration services; digital magazine services for others is a deliberate, intentional, and willful attempt to cause confusion, to cause mistake, or to deceive purchasers.

65. This wrongful conduct constitutes a violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

66. THREE KNOCKS' conduct constitutes a use in commerce of a reproduction, counterfeit, copy, or colorable imitation of all of KNOCK's federal trademark registrations set forth above in connection with the sale, offering for sale, distribution, or advertising of goods and services on or in connection with which such use of likely to cause confusion, or to cause mistake, or to deceive.

67. Notwithstanding KNOCK's well-known, prior common law and statutory rights in the KNOCK® marks, "THREE KNOCKS DESIGN" used, and is continuing to use the confusingly similar "THREE KNOCKS DESIGN" mark, or has knowingly contributed to the adoption, use, and continuing use of the infringing "THREE KNOCKS DESIGN" mark, with actual or constructive knowledge of KNOCK's prior use and registration of the KNOCK® marks and brand.

68. Defendant THREE KNOCKS continues to use, or knowingly contributes to the use of, the false, misleading, and confusingly similar "THREE KNOCKS DESIGN" mark with the intent to confuse and deceive consumers and to unjustly enrich THREE KNOCKS at the expense of the public and KNOCK.

69. Defendant THREE KNOCKS has continued to use the infringing KNOCK mark despite THREE KNOCKS' actual notice of KNOCK's registrations and cease and desist letter from KNOCK.

70. Defendant THREE KNOCKS has profited from its unlawful actions and has been unjustly enriched to the detriment of KNOCK.

Winthrop & Weinstine, P.A.
225 South Street, Suite 3500
Minneapolis, MN 55402-4629

71.     Defendant THREE KNOCKS' unlawful actions have caused KNOCK monetary damage.

72.     Defendant THREE KNOCKS' conduct has greatly and irreparably damaged KNOCK and will continue to so damage KNOCK unless restrained by this Court.

73.     KNOCK is entitled to an injunction under 15 U.S.C. § 1116.

74.     Pursuant to 15 U.S.C. § 1117, KNOCK is entitled to recover all of THREE KNOCKS' profits, KNOCK's damages, as well as the costs of this action, in an amount to be determined at trial.  The intentional nature of THREE KNOCKS' unlawful acts renders this an "exceptional case," entitling KNOCK to enhanced damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION

### (Violation of California Business & Professions Code Section 17200, *et seq.*)

75.     KNOCK realleges and incorporates by reference the allegations in paragraphs 1 through 73 as though fully set forth herein.

76.     California Business & Professions Code section 17200, *et seq.* prohibits unfair competition which includes unlawful business acts or practices.

77.     Defendant THREE KNOCKS committed and continues to commit acts of unlawful and unfair competition in violation of California Business & Professions Code section 17200 by, among other things, using the "THREE KNOCKS DESIGN" mark in connection with provision of advertising services, logo design services, website design services; package design services; illustration services; digital magazine services.

78.     As a direct and proximate result of THREE KNOCKS' wrongful acts, KNOCK has suffered and continues to suffer irreparable damage to its business and reputation.  KNOCK has no adequate remedy at law to rectify the injuries and harm to it proximately caused by these unlawful acts.  KNOCK has sustained and/or will

Winthrop & Weinstine, P.A.
225 South Street, Suite 3500
Minneapolis, MN 55402-4629

continue to sustain irreparable injury unless THREE KNOCKS is enjoined from committing the wrongful acts identified above.

79.    As a direct and proximate result of THREE KNOCKS' wrongful actions, KNOCK has been injured in an amount to be determined at trial, but for which THREE KNOCKS is required to make restitution.

## FOURTH CAUSE OF ACTION

### (California Common Law Unfair Competition)

80.    KNOCK realleges and incorporates by reference the allegations in paragraphs 1 through 78 as though fully set forth herein.

81.    Defendant THREE KNOCKS' use of the "THREE KNOCKS DESIGN" mark in connection with product design services for others and product development services for others and other acts described above constitutes unfair competition under California common law.

82.    Defendant THREE KNOCKS' conduct has greatly and irreparably damaged KNOCK and will continue to so damage KNOCK unless restrained by this Court.

83.    KNOCK is without an adequate remedy at law and is entitled to an injunction as well as damages in an amount to be determined at trial.

## PRAYER FOR JUDGMENT

**WHEREFORE**, KNOCK prays for a judgment in its favor and against Defendant THREE KNOCKS:

1. Judgment in favor of KNOCK and against THREE KNOCKS on all of KNOCK's claims;

Winthrop & Weinstine, P.A.
225 South Street, Suite 3500
Minneapolis, MN 55402-4629

2. That THREE KNOCKS and its owner, employees and representatives, and those persons acting in active concert or participation with them or any of them, be permanently enjoined and restrained from:

    a.    Using on or in connection with providing services the designation or mark "Knock," "KNOCKS," "THREE KNOCKS," "THREE KNOCKS DESIGN" and anything confusingly similar in a context indicative of KNOCK or its services or products related thereto; and

    b.    Representing by any means whatsoever, directly or indirectly, or taking any act calculated likely to cause confusion, mistake or deceive consumers into believing THREE KNOCKS' Services or Goods originated with or are the services or goods of KNOCK, or that there is any affiliation or connection between KNOCK and THREE KNOCKS' Services or Goods and from otherwise unfairly competing with KNOCK including using for any purposes the words "KNOCK," "KNOCKS," "THREE KNOCKS," "THREE KNOCKS DESIGN" or any similar variation thereof;

3. That the Court order THREE KNOCKS to account for and pay to KNOCK treble the amount of all profits derived by reason THREE KNOCKS' use of the mark KNOCK in connection with advertising services, logo design services, website design services; package design services; illustration services; digital magazine services;

4. That the Court order THREE KNOCKS to pay to KNOCK treble the amount of all damages incurred by KNOCK by reason THREE KNOCKS' use of the mark "THREE KNOCKS DESIGN" in connection with advertising services, logo design services, website design services; package design services; illustration services; digital magazine services;

5. That the Court order Defendant THREE KNOCKS to pay to KNOCK the costs of this action, together with reasonable attorneys' fees and disbursements;

6. That Defendant THREE KNOCKS, at its own expense, be required to destroy all marketing materials, advertisements, flyers, brochures, displays, demos, or any other materials advertising, displaying, or promoting THREE KNOCKS' advertising, logo design, website design; package design; illustration; digital magazine design services as "KNOCK," "KNOCKS," "THREE KNOCKS," "THREE KNOCKS DESIGN" or any similar variation;

7. That Defendant THREE KNOCKS be required to edit any Web sites that incorporate any mark with KNOCK," "KNOCKS," "THREE KNOCKS," "THREE KNOCKS DESIGN" or any similar variation and to notify all third-party Web sites to remove any and all references to "KNOCK," "KNOCKS," "THREE KNOCKS," "THREE KNOCKS DESIGN"; and

8. Any other relief the Court deems just and necessary.


Dated:  January 7, 2016                    SRI K. SANKARAN
                                           **WINTHROP & WEINSTINE, P.A.**


                                           By:    */s/ Sri K. Sankaran*
                                                  Sri K. Sankaran


                                           Attorneys for Plaintiff KNOCK, inc.

11236651v1

Winthrop & Weinstine, P.A.
225 South Street, Suite 3500
Minneapolis, MN 55402-4629